UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH E. HOLLAND,<br><br>  Plaintiff,<br><br>  v.<br><br>E. PALUBICKI,<br><br>  Defendant. | No.  2:15-cv-2198-JAM-EFB P<br><br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.     Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

1   relief may be granted," or "seeks monetary relief from a defendant who is immune from such
2   relief." *Id.* § 1915A(b).

3       A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
4   of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and
5   plain statement of the claim showing that the pleader is entitled to relief, in order to give the
6   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
7   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
8   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
9   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
10  U.S. 662, 679 (2009).

11      To avoid dismissal for failure to state a claim a complaint must contain more than "naked
12  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
13  action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of
14  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
15  678.

16      Furthermore, a claim upon which the court can grant relief must have facial plausibility.
17  *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual
18  content that allows the court to draw the reasonable inference that the defendant is liable for the
19  misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a
20  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
21  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
22  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

23  **III.   Screening Order**

24      The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that the
25  allegations are too vague and conclusory to state a cognizable claim for relief. Plaintiff claims he
26  was being held in a cage "due to safety concerns and fears . . . from threats . . . made by another
27  /////
28  /////

inmate" earlier in the day." ECF No. 1 at 6.[1] Defendant Palubicki allegedly "dragged" plaintiff from the cage and forced him back on the yard, even though, based on plaintiff's "reasonable assumption," defendant knew about plaintiff's safety concerns. *Id.* at 6-7. Out of fear for his safety, plaintiff returned to the Program Office for help. *Id.* at 7. Defendant then threatened to remove plaintiff by force if he did not leave the office. *Id.* Plaintiff felt he had no choice but to return to the yard. *Id.* According to the complaint, defendant's "unprofessional and abusively aggressive conduct has left [plaintiff] more fearful for [his] life." *Id.* Plaintiff adds that defendant's "callous disregard for [his] concerns is unconstitutional, as [he has] a right to reasonable security." *Id.* Plaintiff also claims that defendant's "use of force was unwarranted, as [plaintiff] posed no threat to his or his staff's safety and [ ] continued to remain passive as [defendant] physically violated [plaintiff's] right to be free from unnecessary use of force and restraint." *Id.* Plaintiff seeks $20 million in damages. *Id.* at 3.

Plaintiff does not identify any specific claims for relief in the complaint. Under the standards governing claims based on excessive force and failure to protect in violation of the Eighth Amendment, discussed below, the allegations fail to state a cognizable claim. To proceed, plaintiff must file an amended complaint.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948

---

[1] This and subsequent page number citations to plaintiff's complaint are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff.

(2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. *Id.* at 7; *see also id.* at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and that the prison official was deliberately indifferent to the risk of harm, *id.* at 837. Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." *Id.* at 834 (internal quotation omitted).

/////

Plaintiff has not shown that defendant used excessive force when removing plaintiff from the cage/Program Office. The allegations do not show more than a *de minimis* use of force, and there are no specific allegations regarding any pain or physical damage resulting from the incident. In addition, plaintiff has not shown that defendant was deliberately indifferent to a serious risk of harm to plaintiff. Plaintiff does not allege why defendant chose to return him to the yard. Though plaintiff assumes that defendant knew that another inmate had threatened him, he pleads no facts to support that assumption or to otherwise demonstrate that defendant's conduct amounted to deliberate indifference to a serious risk of harm to plaintiff. It is also not clear from plaintiff's vague and conclusory allegations, what the specific risk of harm to plaintiff entailed.

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.

Any amended complaint must not exceed the scope of this order and may not add new, unrelated claims. Further, any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

5

earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. Local Rule 110.

**IV.     Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in a recommendation that this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED: March 22, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE